UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD ORNSTEIN, et al.,
    Plaintiffs,

v.

GIBSON T. CANITES, et al.,
    Defendants.

Case No. 18-cv-01616-PJH

**ORDER DENYING MOTION TO SET ASIDE DEFAULT**

Re: Dkt. No. 46

    Defendants Gibson Canites, Rose Liang-Canites, and Aaren R. Canites' (the "defendants" or the "Canites") motion to set aside the Clerk's entries of default came on for hearing before this court on September 19, 2018. Plaintiffs appeared through their counsel, T.J. Lloyd. Defendants appeared through their counsel, David Washington. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendants' motion.

    In short, the plaintiffs allege that in May 2016, they loaned $1,600,000 to the Canites. That loan was secured by a Deed of Trust against the Canites' property located in San Francisco. In February 2017, the Canites stopped making loan payments and defaulted. The plaintiffs subsequently filed this action seeking, inter alia, judicial foreclosure.

    The parties do not dispute that the Canites were properly served. The parties also do not dispute that the Clerk of Court properly entered default against Gibson Canites on April 13, 2018, Dkt. 28, against Rose Liang-Canites on April 19, 2018, Dkt. 31, and against Aaren R. Canites on May 30, 2018, Dkt. 38.

1   More than two months later, on August 9, 2018, the Canites moved to set aside
2   those entries of default.
3   A federal court may set aside an entry of default for "good cause." Fed. R. Civ. P.
4   55(c). In determining whether good cause exists, the court considers three factors: (1)
5   whether the plaintiff will be prejudiced, (2) whether the defendant had a meritorious
6   defense, and (3) whether culpable conduct of the defendant led to the default. <u>Bandt v.</u>
7   <u>Am. Bankers Ins. Co. of Fla.</u>, 653 F.3d 1108, 1111 (9th Cir. 2011) (citation and internal
8   quotation marks omitted). This standard is disjunctive, meaning that the court may deny
9   the request to vacate default if defendant fails to satisfy any of the three factors. <u>See id.</u>;
10  <u>see also U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085,
11  1091 (9th Cir. 2010). When considering whether to vacate a default under Rule 55(c),
12  the court's "underlying concern . . . is to determine whether there is some possibility that
13  the outcome of the suit after a full trial will be contrary to the result achieved by the
14  default." <u>Hawaii Carpenters' Tr. Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986).
15  The party seeking to set aside entry of default bears the burden of showing good
16  cause under this test. <u>Id.</u> To ensure that cases are decided on the merits whenever
17  possible, the court resolves any doubt regarding whether to grant relief in favor of
18  vacating default. <u>O'Connor v. Nevada</u>, 27 F.3d 357, 364 (9th Cir. 1994).
19  Here, the court will not set aside the Canites' defaults because the Canites have
20  failed to articulate a meritorious defense to plaintiffs' claims. <u>Hawaii Carpenters' Tr.</u>
21  <u>Funds</u>, 794 F.2d at 513 ("A party in default thus is required to make some showing of a
22  meritorious defense as a prerequisite to vacating an entry of default."). On that issue,
23  defendants' motion only stated that "defendants have a legitimate defense in that they
24  are entitled to a determination [as] to whether they are responsible for the alleged debt or
25  specifically the amount they are responsi[b]le for." Dkt. 46 at 4. At the hearing on
26  defendants' motion, the court repeatedly questioned defendants' counsel about whether
27  the Canites had a meritorious defense and about whether they contested liability. Far
28  from providing a sufficient answer, defendants' counsel <u>conceded</u> liability and stated that

the Canites only dispute the amount they owe on the loan.  That is not a sufficient showing to justify setting aside the Canites' defaults.  Hawaii Carpenters' Tr. Funds, 794 F.2d at 513 ("would have been an abuse of discretion to set aside the entry of default . . . . in the absence of some showing of a meritorious defense").

During the hearing, defendants' counsel also expressed concerns that if the Canites were in default, they would be unable to adequately defend against plaintiffs' damages calculation when plaintiffs moved for default judgment.  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.  Damages . . . usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount."  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Wehrs v. Wells, 688 F.3d 886, 893 (7th Cir. 2012) (in response to default judgment motion, a defaulting defendant may contest the extent of damages suffered but may not dispute the issue of liability); cf. Fed. R. Civ. P. 55(b)(2).

In accordance with the foregoing, the Canites' motion to set aside their defaults is DENIED.  If plaintiffs file a motion for default judgment, the Canites shall be afforded an opportunity to take limited discovery necessary to dispute plaintiffs' damages calculation.

**IT IS SO ORDERED.**

Dated: September 21, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge