UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD ORNSTEIN, et al.,
    Plaintiffs,

v.

GIBSON T. CANITES, et al.,
    Defendants.

Case No. 18-cv-01616-PJH

**ORDER SETTING ASIDE ENTRIES OF DEFAULT**

Re: Dkt. No. 66

Before the court is defendants Gibson T. Canites, Rose Liang-Canites, and Aaren R. Canites' (the "defendants" or the "Canites") motion to set aside the Clerk's entries of default. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 13, 2018, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the following reasons.

In short, the plaintiffs allege that in May 2016, they loaned $1,600,000 to the Canites. That loan was secured by a Deed of Trust against the Canites' property located in San Francisco. In February 2017, the Canites stopped making loan payments and defaulted. The plaintiffs subsequently filed this action seeking, inter alia, judicial foreclosure. In April and May 2018, the Clerk of Court entered default against each of the Canites for failure to respond to plaintiffs' complaint.

A federal court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the court considers three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant had a meritorious

defense, and (3) whether culpable conduct of the defendant led to the default. Bandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011). This standard is disjunctive, meaning that the court may deny the request to vacate default if defendant fails to satisfy any of the three factors. See id.; see also U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). When considering whether to vacate a default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Tr. Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

The party seeking to set aside entry of default bears the burden of showing good cause under this test. Id. To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default. O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994).

This is the second time defendants have requested the court set aside their defaults. On September 21, 2018, the court denied defendants' first request because defendants "failed to articulate a meritorious defense to plaintiffs' claims." Dkt. 53 at 2. Instead, defendants' first motion "only stated that 'defendants have a legitimate defense in that they are entitled to a determination [as] to whether they are responsible for the alleged debt or specifically the amount they are responsible for.'" Id. Further, at the hearing on that motion, "defendants' counsel conceded liability and stated that the Canites only dispute the amount they owe on the loan." Id. at 3. Because that failed to show that defendants had a meritorious defense to plaintiffs' claims, the court denied defendants' motion to set aside their defaults. Id.

Defendants' present motion, filed by newly retained counsel, addresses the inadequacies of the prior motion. Contrary to defendants' prior counsel's representations, defendants now contend that they do have defenses to plaintiffs' Sixth Cause of Action for "Fraud: Intentional Misrepresentation and Active Concealment." First, defendants contend that because they were not aware of the liens, they could not

2

1 have intentionally mislead plaintiffs. Dkt. 66-2, Gibson Canites Decl. ¶ 11.  Second,
2 defendants argue that because the liens were public records recorded against the
3 property prior to plaintiffs loaning defendants any money, plaintiffs were on constructive
4 notice of the liens and thus could not reasonably rely on any statements made by the
5 defendants. Id.; Cal. Civ. Code § 1213.

Plaintiffs do not substantively challenge those defenses. Instead, plaintiffs argue that those defenses are irrelevant because plaintiffs offered to stipulate to dismiss the Sixth Cause of Action, but defendants refused. Plaintiffs have provided no authority to support that unintuitive proposition. Nor have plaintiffs moved the court to dismiss that claim. Accordingly, the court finds that defendants have satisfied their burden to show a meritorious defense exists.

The court also finds that defendants have met the first and third factors identified above. With respect to whether they will be prejudiced, plaintiffs only argue that defendants are attempting to stall the inevitable foreclosure of the property and that any continued delay will prevent plaintiffs from accessing their capital. That is not a cognizable prejudice. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.") overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 121 (2001). With respect to whether culpable conduct of the defendants led to the default, defendants have shown that they did not intentionally fail to answer, and plaintiffs have provided no evidence to the contrary. See Yubran, 615 F.3d at 1092.

Lastly, plaintiffs request that if the court grants the motion, it should do so on the condition that defendants' pay plaintiffs' attorneys' fees—totaling $3,210—incurred as a result of defendants' conduct. Dkt. 67-1, Lloyd Decl. ¶ 18. Defendants failed to oppose that request. A district court has discretion to impose attorneys' fees as a condition on the setting-aside of an entry of default. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec, 854 F.2d 1538, 1546–47 (9th Cir. 1988). "By conditioning the

3

setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." Id. at 1546. The court finds that plaintiffs have incurred unnecessary legal expenses as a result of defendants' conduct. In addition, the court finds that the requested attorneys' fees reasonably compensate plaintiffs for costs incurred obtaining the entries of default and responding to the defendants' first motion—a frivolous motion that all but ignored the test's "meritorious defense" factor—and second motion to set aside those defaults.

For the foregoing reasons, defendants' motion to set aside the Clerk's entries of default is GRANTED, on the condition that defendants pay plaintiffs $3,210 in attorneys' fees. Defendants' Answer shall be filed by February 12, 2019, and shall be accompanied by a declaration attesting to the payment of the above amount.

In addition, a Further Case Management Conference shall be held on February 21, 2019, at 2:00 p.m., in Courtroom 3, 3rd Floor, Federal Building, 1301 Clay Street, Oakland, California. The parties shall appear in person or through lead counsel and shall be prepared to discuss all items referred to in Fed. R. Civ. P. 16(c) and Civil L. R. 16-10. The parties shall file a joint case management statement no later than seven (7) days before the date of the conference.

**IT IS SO ORDERED.**

Dated: January 29, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge