UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ORNSTEIN, et al.,<br>Plaintiffs,<br>v.<br>GIBSON T. CANITES, et al.,<br>Defendants. | Case No. 18-cv-01616-PJH<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br>Re: Dkt. No. 81 |

Plaintiffs' motion for partial summary judgment came on for hearing before this court on May 1, 2019. Plaintiffs appeared through their counsel, TJ Lloyd and Jeffrey Lowenthal. Defendant Gibson Canites appeared pro se and defendants Rose Liang-Canites and Aaren Canites (together with Gibson Canites, the "Canites" or the "defendants") did not appear. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion, for the following reasons.

**BACKGROUND**

**A.  The Subject Loan**

The Canites are the owners of the real property located at 448 15th Avenue, San Francisco, California (the "Subject Property"). Dkt. 81-3, Kristul Decl. ¶¶ 3-4. In May of 2016, plaintiffs, through their agent Yeva, Inc. dba Saxe Mortgage Company ("Saxe"), agreed to lend the Canites $1,600,000, with an interest rate of 10.5% (the "Subject Loan"), to pay off existing senior deeds of trust secured against the Subject Property, as well as property taxes and other assessments. Id. ¶ 4.

The Subject Loan required the Canites to make thirty-five monthly interest-only

payments in the amount of $14,000 and a lump sum payment covering all remaining amounts due—$1,614,000—on June 1, 2019. Kristul Decl., Ex. 1 at ¶ 3.

Plaintiffs' loan was memorialized by a Note dated May 9, 2016 (the "Note"), which was secured against the Subject Property by a Deed of Trust (the "Deed of Trust"), recorded on May 19, 2016. Kristul Decl. ¶ 5, Exs. 1-2. The Note and the Deed of Trust provide for the payment of late fees, interest, and reasonable attorneys' fees and costs in the event of a default. Kristul Decl., Ex. 1 ¶ 4(C)

**B. Liens Against the Subject Property**

At the time that plaintiffs made the Subject Loan to the Canites, plaintiffs believed that the subject property was encumbered by four senior deeds of trust:

| Lien | Amount Paid from Proceeds of Subject Loan | Date Lien was Recorded |
|---|---|---|
| Long Beach DOT | $409,708.76 | 10/18/2002 |
| Sequoia DOT | $609,413.80 | 11/21/2014 |
| Karen Lum DOT | $111,309.59 | 6/25/2015 |
| Boen Liu DOT | $215,000 | 1/11/2016 |

Kristul Decl. ¶¶ 7-9, Exs. 7-9. The Subject Loan paid off in full the then-outstanding balances of those four senior deeds of trust. Id. However, unbeknownst to plaintiffs, the following additional liens existed against the subject property, id. ¶ 9:

| Lien | Date Lien was Recorded |
|---|---|
| California EDD Tax Lien | 7/24/1998 |
| Long Beach DOT | 10/18/2002 |
| California EDD Tax Lien | 2/27/2003 |
| U.S. Internal Revenue Service Tax Lien | 2/6/2009 |
| Ford Motor Credit Company Judgment Lien | 2/16/2010 |
| Legal Solutions Corporation Judgment Lien | 5/25/2010 |
| Cavalry SPV Judgment Lien | 9/10/2013 |
| Ardashir Moinzadeh Judgment Lien (#1) | 10/1/2013 |
| Ardashir Moinzadeh Judgment Lien (#2) | 10/1/2013 |
| U.S. Internal Revenue Service Tax Lien | 10/2/2013 |
| California Franchise Tax Board Tax Lien | 1/15/2014 |
| Sequoia DOT | 11/21/2014 |
| Karen Lum DOT | 6/25/2015 |
| U.S. Internal Revenue Service Tax Lien | 12/8/2015 |
| Boen Liu DOT | 1/11/2016 |

Kristul Decl. ¶ 14. While plaintiffs have named each of those additional lienholders as defendants in this action, not all of those lienholders have appeared in this action.

## C.  The Canites' Default

Initially, the Canites made payments on the loan for the months of July, August, and September 2016. Kristul Decl. ¶ 10. After those payments, the Canites made only five other payments, id. ¶¶ 10-12, Ex. 10, and the Canites have been in default since May 17, 2017. Id. ¶ 12.

As of March 20, 2019, the amount of the accelerated principal, interest and recoverable charges totals $2,035,846.28. Id. ¶ 16, Ex. 11.

## D.  Lien Priority Stipulation

Plaintiffs and the appearing lienholder defendants stipulated to, and the court approved, a schedule of priority for those parties' respective liens against the subject property. Dkt. 55.

Plaintiffs now move for summary judgment on three of their seven causes of action: (1) Equitable Subrogation, (2) Judicial Foreclosure of the Subject Deed of Trust, and (3) Judicial Foreclosure of Equitable Lien.[1] The Canites, for their part, have neither disputed the above facts nor provided any independent evidence in support of their

---

[1] Though plaintiffs' motion also sought a deficiency judgment against the Canites, plaintiffs' counsel subsequently withdrew that request.

3

1 opposition to plaintiffs' motion.

**DISCUSSION**

**A.  Legal Standard**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  Id.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  Id.

At summary judgment, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact.  See Tolan v. Cotton, 134 S. Ct. 1861, 1865 (2014); Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).

**B.  Analysis**

**1.  Whether Summary Judgment Should be Granted On Plaintiffs' Judicial Foreclosure Claims**

California Code of Civil Procedure §§ 725a, et seq., governs judicial foreclosure procedures.  Section 725a provides that "the beneficiary or trustee named in a deed of trust . . . with power of sale upon real property or any interest therein to secure a debt or

4

other obligation . . . shall have the right to bring suit to foreclose the same in the manner and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage upon such property." In short, plaintiffs "must prove that the subject loan is in default and the amount of default." Coker v. JPMorgan Chase Bank, N.A., 62 Cal. 4th 667, 672 (2016) (internal quotation marks omitted).

Here, it is undisputed that the Deed of Trust names the plaintiffs as the beneficiary. Kristul Decl., Ex. 2 at 1, 7. It is also undisputed that the Canites are in default, see Kristul Decl. ¶¶ 10-12, and that the Deed of Trust provides that, in the event of default, plaintiffs may accelerate all sums secured by the loan and the Deed of Trust and seek foreclosure. Kristul Decl., Ex. 1 ¶ 4, Ex. 2 ¶ 18.

The only other fact plaintiff must prove is the amount of the default. Plaintiffs have presented evidence that, as of March 20, 2019, the default totals $2,035,846.28. In response the Canites argue only (1) that the requested attorneys' fees, which are provided for under the contract, are unreasonable and (2) that the contractual interest rate is usurious. The court finds those arguments unpersuasive.

As to the former, plaintiffs seek $28,991.65 in attorneys' fees and costs. The court finds that amount to be reasonable and supported by the evidence. See Dkt. 81-1, Brown Decl. ¶ 3; Dkt. 81-2, Lloyd Decl. ¶¶ 13-15. The Canites' challenge to that amount lacks any evidentiary support or relevant legal argument.

Invoking Article XV § 1(1) of the California Constitution, the Canites' latter argument contends that the contractual 10.5% interest rate is usurious. See Cal. Const. Art. XV § 1(1) (setting ten percent per annum interest rate cap for certain types of loans). That provision, however, does not apply to the Subject Loan because it was arranged by a licensed real estate broker and secured by a lien on real property. See Cal. Civ. Code § 1916.1; Dkt. 88-1, Kristul Supp. Decl. ¶ 3.

Accordingly, the court finds that plaintiffs' motion for summary judgment on its two foreclosure claims, causes of action three and five, must be GRANTED.

**2. Whether Summary Judgment Should Be Granted on Plaintiffs'**

**Equitable Subrogation Claim**

Plaintiffs next move for summary judgment on their equitable subrogation claim, which would, if granted, give portions of their lien senior priority over certain lienholders. The Canites do not oppose plaintiffs' motion for equitable subrogation. And the appearing lienholder defendants have stipulated to their respective lien priorities. Thus, only the non-appearing lienholder defendants have an interest in this issue.

Here, plaintiffs only request equitable subrogation of their lien to the extent the proceeds of the Subject Loan were used to pay off the four senior deeds of trust discussed above. See Kristul Decl. ¶ 14; Lloyd Decl. ¶¶ 6-7, Exs. 15, 17-18. That request properly applies California's "first in time, first in right" system of lien priorities. See JP Morgan Chase Bank, N.A. v. Banc of Am. Practice Sols., Inc., 209 Cal. App. 4th 855, 860 (2012). Under that system, where, as here, a lender pays off a senior encumbrance in order to secure a new loan with a first trust deed, the lender has sufficient interest to entitle it to subrogation to the rights of the senior encumbrance. See Smith v. State Savings & Loan Assn., 175 Cal. App. 3d 1092, 1099. (1985).

Accordingly, the court GRANTS plaintiffs' motion for summary judgment on its second cause of action for equitable subrogation.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for summary judgment is GRANTED on plaintiffs' second, third, and fifth causes of action.

A Further Case Management Conference shall be held on July 18, 2019, at 2:00 p.m., in Courtroom 3, 3rd Floor, Federal Building, 1301 Clay Street, Oakland, California, to address the resolution of the remaining claims.

The parties shall appear in person or through lead counsel and shall be prepared to discuss all items referred to in Fed. R. Civ. P. 16(c) and Civil L. R. 16-10. The parties shall file a joint case management statement no later than seven (7) days before the date of the conference. If any party is proceeding without counsel, separate statements may

be filed by each party.

**IT IS SO ORDERED.**

Dated: May 24, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge